IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Daniel Jackson, Individually and as the Personal Representative of the Estate of Zachariah Jackson, and Lynda Jackson,<br>　　*Plaintiff*,<br><br>vs.<br><br>American Bureau of Shipping; ABS Group of Companies, Inc.; ABS Quality Evaluations, Inc.; ABS Maritime Services, Inc.; and ABSG Consulting, Inc.,<br>　　*Defendants*. | §§§§§§§§§§§§§§ | CIVIL ACTION NO.<br><br>ADMIRALTY CASE |

## **NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, AMERICAN BUREAU OF SHIPPING ("Defendant ABS"), ABS GROUP OF COMPANIES, INC., ABS QUALITY EVALUATIONS, INC., ABS MARITIME SERVICES, INC., and ABSG CONSULTING, INC. – misnamed in Plaintiffs' Original Petition as "ABSG Consulting, Inc." – (herein collectively referred to as "Defendants"), file this Notice of Removal under 28 U.S.C. § 1446 hereby giving notice that the action styled Cause No. 2019-83551, *Daniel Jackson, Individually and as the Personal Representative of the Estate of Zachariah Jackson, and Lynda Jackson v. American Bureau of Shipping, ABS Group of Companies, Inc., ABS Quality Evaluations, Inc., ABS Maritime Services, Inc., and ABSG Consulting, Inc.*, pending in the 215th Judicial District Court of Harris County, Texas, is hereby removed to the United States District Court for the Southern District of Texas – Houston Division. In support of removal, Defendants state the following:

1

## A.    TEXAS STATE COURT ACTION

1. On November 19, 2019, Plaintiffs Daniel Jackson, Individually and as the Personal Representative of the Estate of Zachariah Jackson, and Lynda Jackson filed their Original Petition in the 215th Judicial District Court of Harris County, Texas against Defendants.

2. On December 11, 2019, Defendants were served with Plaintiffs' Original Petition. The Plaintiffs' Original Petition alleges that Defendants are a classification society which inspected and classified the barge B. No. 255.[1] The Original Petition also alleges that: (1) Defendants failed to notify the United States Coast Guard "as required" that the B. No. 255 no longer met the conditions of class certification or was removed from class certification; and that (2) Defendants failed to perform adequate inspections of the B. No. 255 and allowed it to maintain class certification when it was no longer safe to operate.[2]

3. Removal is timely as Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. For the reasons set forth below, this Court has subject matter jurisdiction over this action because Defendants are "federal officers," the claims of Plaintiffs involve a federal question, and this is a case of admiralty or maritime jurisdiction, and this suit is therefore removable.

### B. EXHIBITS ATTACHED PURSUANT TO 28 U.S.C. § 1446(a) AND LOCAL RULE 81

4. A copy of the state court docket sheet is attached as Exhibit "A."

5. Attached hereto as Exhibit "B" is a complete copy of all process, pleadings asserting causes of action, answers, and orders currently filed in the court for Harris County, Texas.

6. An index of the matters being filed is attached as Exhibit "C."

---

[1] Plaintiffs' Original Petition, Paragraphs 16-17.
[2] *Id.*, Paragraphs 21-22.

7.    A list of all counsel of record, including addresses and telephone numbers, is attached as Exhibit "D."

### C.    JURISDICTIONAL BASIS FOR REMOVAL

**I. Special Removal Statute – 28 U.S.C. § 1442 – Federal Officer.**

8.    Removal is appropriate in this matter based on the special removal statute, 28 U.S.C. §1442. This statute states, in part:

> a. A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

U.S.C. § 1442(a)(1)

    **a. Defendants are "Persons" within the Meaning of 28 U.S.C. §1442(a)(1).**

9.    Corporate entities, such as Defendants, are considered a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *See Int'l Primate Prot. League v. Adm'rs of the Tulane Educations Fund*, No. 93-3067, 1994 U.S. App. LEXIS 41444, at *1 (5th Cir. May 9, 1994); *see Bennett v. MIS Corp.,* 607 F.3d 1076, 1085 (6th Cir. 2010) (explaining that plain language of § 1442 does not exclude corporations and deeming interpretation of "person" to include corporations as being consistent with statutory scheme); *See Int'l Primate Prot. League*, U.S. App. LEXIS 41444, at *1; *Isaacson v. Dow Chem. Co.,* 517 F.3d 129, 136 (2d Cir. 2008) (holding that term "person" in § 1442(a)(l) includes corporate persons).

    **b. Plaintiffs' Claims are Based upon Defendant ABS' Conduct "Acting Under" a Federal Officer.**

3

10. As a classification society and acting under numerous delegations of authority from the United States Coast Guard, Defendant ABS was also "acting under" the direction of a federal agency by issuing statutory certificates, performing safety management audits, and determining if criteria are met for Class Certification.

11. Pursuant to 46 CFR § 42.05-10, Defendant ABS has been delegated as an assigning authority for the United States Coast Guard for load line certificates since 1968. In addition to this delegation, in 1982 the United States Coast Guard delegated additional plan review duties to Defendant ABS as directed in Navigation and Vessel Inspection Circular 10-82. On January 12, 1995, the United States Coast Guard and Defendant ABS entered into a memorandum of understanding reaffirming the previous delegations by the United States Coast Guard of load line assignments and plan review while adding additional delegated authority for conducting vessel inspections and examinations (hereafter "Memorandum of Understanding"). A true and accurate copy of the Memorandum of Understanding is attached hereto as Exhibit "E."

12. The Memorandum of Understanding provides in part:

> A. The Coast Guard is statutorily authorized to administer laws and promulgate and enforce regulations for the promotion of the safety of life and property at sea and the protection of the marine environment. In accordance with the authority granted by 46 U.S.C. § 2104 and § 3316, the Coast Guard is authorized to delegate to the ABS the inspection and examination of vessels of the United States. The Coast Guard also has statutory authority under 46 U.S.C. Part J - Measurement of Vessels, for the measurement and the certification of tonnages for vessels required or eligible to be documented as vessels of the United States. Under 46 U.S.C. § 14103, the Coast Guard may delegate the authority to measure certain vessels to qualified persons. Further, under 46 U.S.C. § 3316, the Coast Guard is authorized to accept the review and approval of vessel plans performed by the ABS.

13. On or about May 3, 2004, the United States Coast Guard issued its letter reauthorizing Defendant ABS to perform functions relative to the International Safety Management ("ISM")

4

Code on behalf of the United States Coast Guard for U.S. flagged vessels, such as the Buster Bouchard[3] and B. No. 255. More specifically, this letter re-authorized Defendant ABS to issue the Safety Management Certificate and the Document of Compliance certificate and to perform all related functions in accordance with the ISM Code and 33 CFR Part 96 for U.S.-flagged vessels. A true and accurate copy of the United States Coast Guard Letter, dated on or about May 3, 2004, is attached hereto as Exhibit "F." This delegation also allowed Defendant ABS to endorse Safety Management Certificates and Documents of Compliance Certificates as being issued "on behalf of the United States of America."[4]

14.     The issuance and maintenance of classification for vessels is also a federally authorized activity.  In 2004, the Coast Guard and Maritime Transportation Act of 2004 (Pub. L. 108-293) mandated that a "classification society, including an employee or agent of that society, may not review, examine, survey or certify the construction, repair, or alteration of a vessel in the United States unless the classification society is either approved by the Coast Guard or is a full member of the International Association of Classification Societies (IACS)." In 2010, the Coast Guard Authorization Act of 2010 (Pub. L. 111-281) removed the automatic approval for IACS members and instead directed the United States Coast Guard to formally approve any classification society operating in the United States. The United States Coast Guard rule implementing this change entered into force on September 10, 2012. In anticipation of this requirement, Defendant ABS filed its application with the United States Coast Guard on August 14, 2012 to continue its activities as a classification society in the United States in accordance with 46 CFR §2.45-25(c). On September 4, 2012, the United States Coast Guard issued its delegation to Defendant ABS granting its request for re-approval and advising that Defendant ABS is an approved classification society. A true and

---

[3] The tug that was articulated with the B. No. 255 at the time of the incident forming the basis of this litigation.
[4] Exhibit F, Third Paragraph.

accurate copy of Defendant ABS' requesting letter of August 14, 2012 and the United States Coast Guard's approval letter of September 4, 2012 are attached hereto, *in globo*, as Exhibit "G."

15. Defendant ABS is also a recognized organization ("RO") pursuant to 46 C.F.R. part 8, subparts A and B, and is authorized by the United States Coast Guard to act on behalf of the United States. Such authorization is "necessary in order for a recognized organization to perform safety management audits and certification functions delegated by the Coast Guard…." 33 C.F.R. §96.400 (a).

16. As part of its role as an RO for the United States Coast Guard, and in addition to the classification surveys performed in accordance with Defendant ABS' class rules and guidelines, Defendant ABS performed the safety management audits for Bouchard Transportation Company, Inc., ("Bouchard"), including ISM audits for Bouchard's tug Buster Bouchard and barge B. No. 255 in order to issue and otherwise renew the Document of Compliance and Safety Management Certificate as required by 33 C.F.R. §96.320.

17. To the extent that negligence, negligence per se, and gross negligence are alleged by Plaintiffs in relation to Defendant ABS' activities, with regard to the barge B. No. 255, such activities necessarily included issuance of federal statutory certificates, handling surveys for classification, and acting as an RO for the United States Coast Guard.

18. In summary, Defendant ABS' issuance of federal statutory certificates, classification certificates, and survey and inspection of the barge B. No. 255 were conducted in accordance with and subject to various rules and statutory requirements, which were all conducted either under delegation of federal authority from the United States Coast Guard or while performing duties as a federally recognized classification society – they were acting under a federal office. Such rules and statutory requirements include, without limitation, 33 C.F.R. §§96.320 and 96.400; 46. U.S.C.

§§§ 3310, 3316(c)(2), and 5104; and 46 CFR §2.45-25(c).

19. On February 26, 2001, Defendant ABS entered into a contract with Bouchard, the owner of the B. No. 255, pursuant to which Defendant ABS was to provide classification, inspection and certification services to Bouchard.

20. Plaintiffs' Original Petition alleges that Defendants "[are] an organization that publishes and enforces classification rules, including technical requirements, for offshore vessels and vessel safety. Part of ABS' responsibility is to inspect vessels it classifies and identify any hazards onboard the vessels, and then to withhold classification or require appropriate remedial steps to rectify issues with the vessels it classifies."[5] Plaintiffs further allege that the B. No. 255 was classified by Defendant ABS and that Defendant ABS performed regular inspections of the B. No. 255.[6]

21. Additionally, Plaintiffs allege that Defendants were required to notify the United States Coast Guard when a vessel no longer met the conditions of class certification or was removed from class certification.

22. Plaintiffs further allege that Defendants failed to perform adequate inspections of the B. No. 255 and allowed B. No. 255 to maintain class certification when it was no longer safe to operate.[7]

23. As demonstrated above, Plaintiffs' claims are based on the alleged negligence, negligence per se, and gross negligence of Defendants acting under the authority of the United States Coast Guard, a federal agency – they were acting under federal office.

   c. **There is a Causal Nexus between the Plaintiffs' Claims and the Conduct Performed Under the Color of a Federal Office.**

---

[5] Plaintiffs' Original Petition, para. 16.
[6] *Id*. at para. 17.
[7] *Id*. at paras. 17, 22.

24. As set out above there is a causal nexus between the Plaintiffs' claims and the conduct performed by Defendant ABS, an RO and classification society acting under the delegated authority of the United States Coast Guard, a federal agency.

    **d. The Defendants have a Colorable Federal Defense.**

25. Plaintiffs allege that Defendants failed to report to the United States Coast Guard issues and/or deficiencies found on B. No. 255. The duty of Defendant ABS in this regard is to make its files available to the United States Coast Guard pursuant to 46 U.S.C. § 3316(b)(3), which states:

> **(3)** When an inspection or examination has been delegated under this subsection, the Secretary's delegate—
>> **(A)** shall maintain in the United States complete files of all information derived from or necessarily connected with the inspection or examination for at least 2 years after the vessel ceases to be certified; and
>> **(B)** shall permit access to those files at all reasonable times to any officer, employee, or member of the Coast Guard designated—
>>> **(i)** as a marine inspector and serving in a position as a marine inspector; or
>>> **(ii)** in writing by the Secretary to have access to those files.

26. As discussed above, Defendant ABS is an RO pursuant to delegation under 46 C.F.R. part 8, subparts A and B, and is authorized by the United States Coast Guard to act on behalf of the United States. Such authorization is "necessary in order for a recognized organization to perform safety management audits and certification functions delegated by the Coast Guard…." 33 C.F.R. § 96.400 (a).

27. 33 C.F.R. part 96, Subpart D establishes the criteria and procedures for organizations recognized under 46 C.F.R. part 8, subparts A and B, to be authorized by the United States Coast Guard to act on behalf of the United States. 33 C.F.R. § 96.400 (a). When an organization is authorized by the United States Coast Guard to act on behalf of the United States, the organization

and the United States Coast Guard will enter into a written agreement which will specify, among other things, what reports and information the organization must send to the United States Coast Guard. 33 C.F.R. § 96.460(a)(3). The Exhibits attached hereto as Exhibits E, F, and G constitute Defendant ABS' written agreement with the United States Coast Guard.

28.     In its Memorandum of Understanding with Defendant ABS, the United States Coast Guard delegated vessel inspections and tonnage measurements to Defendant ABS and required Defendant ABS to:

> (i)  Provide written confirmation, in a mutually agreed format and media, of the results of inspections, examinations, reviews and approvals conducted on behalf of the Coast Guard, and provide the Coast Guard access to information concerning deficiencies identified by the ABS, related to functions delegated under this MOU. Subject to the agreement of the vessel's owner, the ABS will provide the Coast Guard with access to information concerning deficiencies related to classification by the ABS which have not been fully corrected;
> (ii) In accordance with 46 U.S.C. §§ 3310 and 3316(c)(2), maintain in the United States records of all inspections, examinations, measurements, reviews, and approvals done on behalf of the Coast Guard and make such records available to the Coast Guard upon request.
> (iii)Be subject to a mutually acceptable oversight program administered by the Coast Guard to determine that functions delegated under this MOU are being carried out.

Exhibit E at p.3-4.

29.     The above requirements were not changed by the subsequent re-authorizations found in Exhibits F or G. Under the Memorandum of Understanding, Defendant ABS was only required to provide the United States Coast Guard with access to the information from its inspections, which it did. However, any resolution of these issues raised by Plaintiffs will necessarily involve a determination of Defendant ABS' obligations under the various mentioned federal statutes, federal delegations, and authorization agreements.

30.     Pursuant to 28 U.S.C. § 1442(a)(1), and without prejudice to any defense Defendants may have to Plaintiffs' claims including, but not limited to any defenses related to improper venue,

Defendants, as a "federal office," remove this action from the 215th Judicial District Court of Harris County, Texas to this Court.

## II. Federal Question Jurisdiction

31.   Removal is proper because Plaintiffs' suit also involves a federal question. 28 U.S.C. §§ 1331, 1441(a). *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Specifically, Plaintiffs allege negligence, negligence per se and gross negligence and Defendants' failure to report defects to the United States Coast Guard as required. Because Plaintiffs' claims involve a federal question, this Notice of Removal is additionally filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1331, 1441 (a). *See Grable*, 545 U.S. at 312.

32.   28 U.S.C. § 1331 provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441 provides as follows: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

33.   Plaintiffs' Original Petition alleges that Defendants were negligent, negligent per se, and grossly negligent, as well as a failure by Defendants to report defects to the United States Coast Guard as "required." In other words, as detailed above, Plaintiffs allege Defendants violated a statute or regulation that had statutory effect.[8] Further, the Causes of Action they assert incorporate by reference and are based upon the very federal requirements forming Defendants' negligence and other actionable conduct.[9]

34.   The Plaintiffs have artfully plead negligence, negligence per se, and gross negligence

---

[8] Plaintiffs' Original Petition, para. 25.
[9] Plaintiffs' Original Petition, para. 24.

10

without citing to any federal or state statutes upon which they are relying to prove their allegation of negligence, negligence per se, and gross negligence. This is obviously intentional because the Plaintiffs are concerned that, to do so, will automatically raise a federal question upon which Defendants can remove the case to federal court.

35. However, while a federal question must appear on the face of a well-pleaded petition, a plaintiff need not specifically cite a federal statute or provision; instead the plaintiff need only allege facts sufficient to establish a colorable issue of federal law. *Quinn v. Guerrero,* 863 F.3d 353 at 359 (5th Cir. 2017). The colorable issue of federal law in this case is whether Defendant ABS fulfilled its responsibilities as an RO for the United States Coast Guard as implicated by Plaintiffs' allegations that there was a failure to institute an adequate safety program with respect to the barge B. No. 255, as well as other requisite action Defendants were to have taken under the applicable federal statutes and regulations as set forth above.

36. Here, Defendant ABS were acting as a Federal Officer, and the performance of its duties as such were established by the United States Code and the Code of Federal Regulations. It necessarily follows then that Defendants' defenses to Plaintiffs' claims rely on the United States Code and the Code of Federal Regulations. As such, any court sitting in judgment of this matter will be called upon to interpret and apply federal law to decide the merits of this matter.

37. Plaintiffs' Original Petition clearly alleges that Defendants violated a federal statute or regulation. Although Plaintiffs have not identified a specific federal statute or regulation, any such statute or regulation must necessarily be federal as it involves the inspection of vessels by classifications societies, and therefore calls for an interpretation by the Federal Courts.[10]

---

[10] *See* 46 USC § 3301 et seq. and 46 CFR 8.100 et seq., which involve the inspection of vessels by classification societies.

38. Further, even if the underlying statute or regulation is not federal, this case may be removed as the Plaintiffs' claims raise a disputed and substantial federal question, and removal would not disturb the balance between state and federal judicial responsibilities. As Plaintiffs' claims require a state court to resolve an inherently federal issue – reporting and/or inspection requirements as between Defendant ABS and the United States Coast Guard – this case may be removed because the outcome could affect an area of law that Congress designates to the federal courts in order to provide uniformity among the states. *See Grable,* 545 U.S. at 312; *Bader Farms, Inc. v. Monsanto*, No. 1:16-CV-299 SNLJ, 2017 LEXIS 21925 (E.D. Mo. Feb. 16, 2017).

39. Pursuant to 28 U.S.C. §§ 1331, 1441(a), and without prejudice to any defense Defendants may have to Plaintiffs' claims, including but not limited to any defenses related to improper venue, Defendants remove this action from the 215th District Court of Harris County, Texas to this Court.

### III. Admiralty and Maritime Suits

40. Plaintiffs alleged General Maritime Law claims against the Defendants, including claims for negligence, negligence per se, and gross negligence. The Plaintiffs' claims arise out of the inspection and classification of Bouchard's tug and barge – Buster Bouchard and B. No. 255. On or about October 20, 2017, the B. No. 255 caught fire and exploded in the navigable waters of the Aransas Pass Fairway Anchorage.

41. Because Plaintiffs' claims are governed by the General Maritime Law, this Notice of Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333, 1441(a). A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts 'original

jurisdiction … of . . .[a]ny civil case of admiralty or maritime jurisdiction….'"' 28 U.S.C. § 1333(1); *see also Grubart,* 513 U.S. at 531.

42. Before January 2012, courts interpreted 28 U.S.C. § 1441(a) to mean that a General Maritime Law claim could be removed only when there was a separate basis for federal jurisdiction. However, 28 U.S.C. § 1441 was amended in 2011 as a part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63. The 2011 amendment removes the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases. *See Ryan v. Hercules Offshore, Inc.,* 945 F. Supp. 2d 772 (S.D. Tex. 2013)(Miller, J.); *Wells v. Abe's Boat Rentals Inc.,* 2013 AMC 2208 (S.D. Tex. 2013)(Rosenthal, J.).

43. Section 1441(a) currently states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A suit within the admiralty jurisdiction is a "civil action . . . of which the district courts of the United States have original jurisdiction," and no Act of Congress expressly prohibits removal of such action. Accordingly, a case within the admiralty jurisdiction may be properly removed to federal court. *Exxon Mobil Corp. v. Starr Indemn. & Liab. Ins. Co.*, No. 15–1555, 2015 U.S. Dist. LEXIS 178100, at *18–23 (S.D. Tex. Dec. 21, 2015) (Hittner, J.); *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, 2014 U.S. Dist. LEXIS 82434 (S.D. Tex. June 17, 2014) (Atlas, J.). *See also Ryan*, 945 F.Supp.2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 U.S. Dist. LEXIS 12484 (S.D. Tex. Jan. 31, 2014) (Werlein, J.); *Wells*, 2013 U.S. Dist. LEXIS 85534 (S.D. Tex. June 18, 2013) (Rosenthal, J.).

44. Therefore, the instant case is removable because Plaintiffs assert General Maritime Law claims.

45. Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Defendants may have to Plaintiffs' claims, including but not limited to any defenses related to improper venue, Defendants remove this action from the 215th Judicial District Court of Harris County, Texas to this Court.

### C.   VENUE IS PROPER IN THIS COURT

46. The United States District Court for the Southern District of Texas – Houston Division embraces the county in which the Texas State Court Action was filed. Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

### D.   REMOVAL IS TIMELY

47. Defendants were served with Plaintiffs' Original Petition on December 11, 2019. This Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

### E.   OTHER MATTERS

48. All Defendants who have been properly joined and served are represented by the undersigned and join in or consent to the removal of this case to federal court pursuant to 28 U.S.C. § 1446(b).

49. A true and correct copy of this Notice of Removal will be filed with the Clerk of the 215th Judicial District Court of Harris County, Texas, as required by the provisions of 28 U.S.C. § 1446(d). Defendants are providing the 215th Judicial District Court of Harris County, Texas with written notice of filing this removal.

50. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk of the 215th Judicial District Court of

Harris County, Texas.

### F. JURY DEMAND

49. Plaintiffs demanded a jury in the state-court suit. To the extent that Plaintiffs would have been entitled to a jury trial in state court, Defendants hereby consent to a jury trial in federal court.

WHEREFORE, for the foregoing reasons, Defendants, American Bureau of Shipping, ABS Group of Companies, Inc., ABS Quality Evaluations, Inc., ABS Maritime Services, Inc., and ABSG Consulting Inc., hereby remove this action to the United States District Court for the Southern District of Texas – Houston Division.

    Respectfully submitted,

    */s/ Susan Noe Wilson*
    SUSAN NOE WILSON
    Texas Bar No. 15055025
    S.D. Tex. ID No. 15092
    Email: snoewilson@sbsblaw.com
    1001 McKinney, Suite 1400
    Houston, Texas 77002
    Phone: (713) 588-0446
    Fax:    (713) 574-0442
    *Attorney for Defendants*
    *American Bureau of Shipping, ABS Group of Companies,*
    *Inc., ABS Quality Evaluations, Inc., ABS Maritime*
    *Services, Inc., and ABSG Consulting, Inc.*

OF COUNSEL

**Schouest, Bamdas, Soshea & Ben-Maier PLLC**

MICHAEL W. HOGUE
Texas Bar No. 09809800
S.D. Tex. ID No. 8442
Email: mhogue@sbsblaw.com
SARAH G. MADDOX
Texas Bar No. 24095992
S.D. Tex. ID No. 3149246
Email: smaddox@sbsblaw.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Phone: (713) 588-0446
Fax:    (713) 574-0442

## **CERTIFICATE OF SERVICE**

By filing electronically, I certify that on the 10th day of January 2020, a true and correct copy of the foregoing document was forwarded to all counsel in accordance with the Federal Rules of Civil Procedure.

*/s/ Susan Noe Wilson*
Susan Noe Wilson