# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL JACKSON, INDIVIDUALLY AND AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ZACHARIAH JACKSON, AND LYNDA JACKSON, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-20-109 |
| AMERICAN BUREAU OF SHIPPING; ABS GROUP OF COMPANIES, INC.; ABS QUALITY EVALUATIONS, INC.; ABS MARITIME SERVICES, INC.; AND ABSG CONSULTING, INC., | § § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER OF REMAND

Pending before the court is plaintiffs Daniel and Lynda Jackson's motion to remand. Dkt. 3. Defendants American Bureau of Shipping, ABS Group of Companies, Inc., ABS Quality Evaluations, Inc., ABS Maritime Services, Inc., and ABSG Consulting, Inc. (collectively, "ABS") responded (Dkt. 11) and plaintiffs replied (Dkt. 14). Having considered the pleadings and the applicable law, the court finds that plaintiffs' motion should be **GRANTED**.

## I. BACKGROUND

This is a personal injury, wrongful death and survival action brought on behalf of a deceased seaman. On October 20, 2017, an explosion and fire broke out aboard Bouchard Transportation's ("Bouchard") B. No. 255 barge while it was off the coast of Corpus Christi, Texas. Dkt. 1-2 at 5. Zachariah Jackson, plaintiffs' son, perished in the accident. *Id.*

ABS is a classification society that inspects ships for seaworthiness and safety issues in accordance with its standards. *Id.* at 5, 40. ABS performed many inspections of the B. No. 255 prior to the October 2017 accident. *Id.* at 6-7.

On November 19, 2019, plaintiffs brought this action against ABS for alleged negligence in performing its inspections of the B. No. 255. *Id.* at 8. ABS answered plaintiffs' petition on January 6, 2020, then removed to this court on January 10, 2020. Dkt. 1. Plaintiffs moved to remand on February 7, 2020. Dkt. 3.

## II. LEGAL STANDARD

A state civil action brought against a person acting under an officer of a United States agency may be removed to a federal district court. 28 U.S.C. § 1442(a)(1). To remove a state action to federal court under section 1442(a)(1):

> a defendant must show (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

*Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th 2020). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

## III. ANALYSIS

Here, ABS has the burden of proving federal jurisdiction exists. To do so, it must show that it "acted pursuant to a federal officer's directions." *Latiolais*, 951 F.3d at 296. ABS argues that

essentially every act of inspection or classification it performs is done under the direction of a federal officer because numerous statutes and regulations, along with a memorandum of understanding between it and the USCG, control the means and manner by which it may conduct such inspections. *See* Dkt. 11 at 12-15. If true, it would mean that any claim brought against ABS related to inspection or classification is removable under the federal officer removal statute. Such a broad reading of section 1442 is untenable.

The Supreme Court explained that "a highly regulated firm cannot find a statutory basis for [federal officer] removal in the fact of federal regulation alone . . . even if the regulations are highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson v. Philip Morris, Inc.*, 551 U.S. 142, 153 (2007). ABS insists that the USCG's delegation of broad inspection and certification authority to ABS and the MOU's imposition of a general duty to report certain findings to the USCG mean ABS is acting at the direction of a federal agent whenever it inspects a ship. This is the same argument rejected in *Watson*. ABS cannot claim federal officer jurisdiction for all acts merely because USCG imposes strict standards on ABS before allowing it to perform inspections.

Moreover, plaintiffs submit ABS's own inspection report to show they were not performed at the direction of USCG. Dkt. 3, Ex. 5. The report states that the inspection was (1) done "at the request of [Bouchard's] representative"; and (2) to ABS's "Rules, guides, standards, or other criteria," which certify "only that the vessel . . . has been examined for compliance" with ABS's rules. *Id.* ABS offers no specific evidence showing that inspections were performed "pursuant to a federal officer's directions," therefore ABS's fails to meet its burden. *Latiolais*, 951 F.3d at 296.

3

ABS separately argues that removal is permitted because this court "has original, federal question, and removal jurisdiction over the general maritime claims" at issue. Dkt. 11 at 24. But absent other jurisdictional grounds, maritime claims filed in state court under the Savings to Suitors Clause are not removable. *See Sanders v. Cambrian Consultants Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015) (Miller, J.). Plaintiffs' motion to remand is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, plaintiffs' motion to remand (Dkt. 3) is **GRANTED**. This matter is **REMANDED** to the 215th Judicial District Court of Harris County.

Signed in Houston, Texas on April 8, 2020.

_____
Gray H. Miller
Senior United States District Judge